﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200129-59461
DATE: January 29, 2021

ORDER

Entitlement to service connection for tinnitus is granted.

REMANDED

Entitlement to service connection for lower back pain (to include as due to a prostate condition) is remanded.

FINDING OF FACT

The Veteran’s tinnitus manifested to a compensable degree within one year of his separation from service and is not attributable to intercurrent causes.

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus are met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309; Fountain v. McDonald, 27 Vet. App. 258 (U.S. 2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1966 to April 1968. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In the January 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to service connection for tinnitus

The Veteran contends that his hearing loss is due to exposure to loud noises in service. Alternatively, he contends that his tinnitus manifested within one year of active service. 

Certain chronic diseases will be presumed related to service if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013). 

The Veteran has a current diagnosis of tinnitus as evidenced by a June 2019 VA examination. While tinnitus is not a specifically enumerated condition under 38 C.F.R. § 3.309(a), the Board considers that tinnitus is an “other organic disease of the nervous system” when accompanied by evidence of acoustic trauma. Fountain v. McDonald, 27 Vet. App. 258 (U.S. 2015). 

The Veteran’s DD 214 shows that the Veteran had active service from June 29, 1966, to April 22, 1968. The Veteran’s service treatment records are silent for any report of hearing loss or tinnitus. However, the Veteran’s DD-214 indicates that his military occupational specialty during service was a fire crewman, which has a moderate to high probability of hazardous noise exposure, and the Veteran has badges for the M-14 and.45 caliber pistol. Thus, acoustic trauma is conceded. The Veteran’s lay statements and statements during the June 2019 VA examination indicate that he began experiencing tinnitus within one year of his separation from service. Tinnitus is a condition in which the Veteran is competent to report on and has personal knowledge of, and it manifested to a compensable degree within one year. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Thus, entitlement to service connection for tinnitus is warranted. 

The Board notes that the June 2019 VA examiner opined that it was more likely than not that the Veteran’s tinnitus was related to his post-service occupation as a carpenter because the onset of the tinnitus was “after a year after he was separated from service.” However, the Veteran reported it began one year after separation from service, which would be within the one-year presumptive period. Thus, resolving all reasonable doubt in favor of the Veteran, the Board gives greater probative weight to the lay statements of the Veteran regarding the date of onset as they are consistent with the record. 

As a chronic condition, any subsequent manifestations are service connected unless attributable to intercurrent causes. No intercurrent causes have been shown in this case prior to the onset of the tinnitus and therefore the Veteran’s tinnitus is attributable to service.

REASONS FOR REMAND

1. Entitlement to service connection for lower back pain (to include as due to a prostate condition) is remanded.

The Veteran contends that his lower back pain manifested in service following a prostate condition. The Veteran contends that he has experienced lower back pain and difficulty urinating since the in-service event, injury, or illness. 

The Veteran’s service treatment records reflect complaints, diagnosis, and treatment for a prostate infection. 

The Board cannot make a fully-informed decision on the issue of service connection for lower back pain due to a prostate condition because no VA examiner has opined whether the Veteran’s lower back pain is due to the documented prostate condition in service. The failure to obtain an opinion is a pre-decisional error that must be corrected prior to a final determination of the appeal.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination for his lower back pain disability to include as due to a prostate condition. The examiner must review the claims file.

If a diagnosis cannot be provided but the Veteran’s condition manifests in symptoms that cause functional impairment, then the examiner should consider them a “disability” for the purpose of providing the requested opinion(s) below.

The examiner is asked to provide a response to the following:

Is the lower back pain at least as likely as not related to service, including as a sequalae of the in-service prostate infection? 

Provide a rationale to support the opinion(s). 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M.D. Taylor, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.